NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RONALD J. MULDER,

        Plaintiff - Appellant,

  v.

MARKS, Dr.; NAUGHTON, Dr.; ROMEO
ARANAS; JAMES DZURENDA,

        Defendants - Appellees.

No. 23-15090

D.C. No.
3:18-cv-00386-MMD-CLB

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, Chief District Judge, Presiding

Submitted August 20, 2025[**]
San Francisco, California

Before: CHRISTEN, BRESS, and VANDYKE, Circuit Judges.

Ronald J. Mulder appeals from the district court's order granting summary

judgment in favor of defendants in a 42 U.S.C. § 1983 action alleging Eighth

Amendment and Americans with Disabilities Act ("ADA") claims against Nevada

---

[*] This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral
argument. *See* Fed. R. App. P. 34(a)(2).

Department of Corrections ("NDOC") officials.[1]  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a district court's order granting summary judgment.  *Cox v. Dep't of Soc. & Health Servs.*, 913 F.3d 831, 837 (9th Cir. 2019).  We affirm.

Because the parties are familiar with the facts of this case, we repeat them here only as necessary.

The district court properly granted summary judgment because Mulder has not shown that his statutory or constitutional rights were violated.  "Under 42 U.S.C. § 1983, to maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs,'" an element of which is "harm caused by the indifference."  *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).  Although Mulder alleges that the delay in his treatment caused lasting harm to him, he does not present medical evidence supporting this assertion.  Because Mulder cannot show that any of the defendants harmed him by delaying treatment, he cannot sustain an Eighth Amendment claim against them.  *See, e.g., Simmons v. G. Arnett*, 47 F.4th

---

[1] Mulder waived his ADA claim on appeal because his opening brief does not address it.  *See Paladin Assocs., Inc. v. Montana Power Co.*, 328 F.3d 1145, 1164 (9th Cir. 2003).

927, 934 (9th Cir. 2022) ("[H]armless delays in treatment are not enough to sustain an Eighth Amendment claim.").[2]

The district court's order granting summary judgment is **AFFIRMED**.[3]

---

[2] Because Mulder failed to show an Eighth Amendment violation, we need not address defendants' qualified immunity and personal participation arguments.

[3] Defendants' Motion to Seal, Dkt. No. 45, is **GRANTED**. Defendants' Motion for Judicial Notice, Dkt. No. 46, is **DENIED**.